| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:10-CR-91 (1) |
| | § | |
| PATRICK ORR | § | |

## MEMORANDUM & ORDER

Pending before the court is Patrick Orr's ("Orr") *pro se* letter addressed to the Court Clerk (#140), wherein he requests information regarding "821 Sentence Reduction," "Compassionate release," as well as a lawsuit he intends to file against a Corrections Officer.  The Government filed a response (#142).  Having considered the letter, the Government's response, the record, and the applicable law, the court is of the opinion that the letter request should be denied.

I.    Background

On August 5, 2010, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a four-count Indictment against Patrick Orr and his codefendant.  Orr was charged in Count One with Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. § 371; in Count Two with Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d); in Count Three with Possession of a Firearm During the Commission of a Violent Crime, in violation of 18 U.S.C. § 924(c); and in Count Four with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g).  On May 10, 2011, the Government moved the dismiss Counts One and Four, and the court granted the motion.  On May 15, 2011, Orr proceeded to trial as to Counts Two and Three.  On May 19, 2011, the jury returned a verdict finding Orr guilty on both Counts Two and Three.  The court sentenced Orr to 308 months' imprisonment, which consisted of 188 months on Count Two and 120 months on Count Three, to be served consecutively.  Orr is currently housed

at United States Penitentiary Terre Haute, located in Terre Haute, Indiana.  His projected release date is December 30, 2037.

II.    Analysis

A.    Pro Se Filings

"A document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants . . . .").  Because a *pro se* litigant's motion is not always what it purports to be, a court may sometimes recharacterize a motion that is labeled differently.  *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019); *United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized." (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983))).  The court's decision to recharacterize a motion is discretionary.  *Elam*, 930 F.3d at 409 (citing *Santora*, 711 F.2d at 42).

Although *pro se* motions are entitled to liberal construction, "*pro se* litigants are still required to provide sufficient facts in support of their claims."  *Frazier v. Morris*, No. 2:11CV104-MPM-DAS, 2014 WL 4686723, at *4 n.17 (N.D. Miss. Sept. 18, 2014) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)); *accord United States v. Ford*, No. CR

21-16-SDD-RLB, 2024 WL 4993385, at *3 (M.D. La. Dec. 5, 2024); *United States v. Obregon*, No. CR H-18-533-2, 2023 WL 4494353, at *1 (S.D. Tex. July 10, 2023).

    B.    <u>Amendment 821</u>

When a defendant was sentenced based on a sentencing guideline range that was subsequently lowered by a retroactive amendment to the United States Sentencing Guidelines, the defendant may seek a sentence reduction under 18 U.S.C. § 3582(c)(2).  Amendment 821 to the United States Sentencing Guidelines, effective on November 1, 2023, which has been given retroactive effect, eliminated the imposition of status points for defendants with 6 or fewer criminal history points, authorized the imposition of only 1 status point for defendants with 7 or more criminal history points (Part A), and decreased the offense level by 2 levels for zero-point offenders who meet 10 specific criteria (Part B).[1]

On December 14, 2023, the court appointed the Federal Public Defender to represent Orr in filing a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On June 6, 2024, the Federal Public Defender filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction under Part A to Amendment 821. The Government filed a response (#136).  The court denied Orr's motion because although Orr met the criteria under Part

---

[1] These criteria include:  (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

A to Amendment 821, the court found that a reduction was not warranted after considering the factors set forth in 18 U.S.C. § 3553(a) (#138). Accordingly, to the extent Orr is seeking relief under Amendment 821, his request has already been denied.

        C.        <u>Compassionate Release</u>

18 U.S.C. § 3582(c)(1)(A) gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment. A prisoner seeking compassionate release on his own motion must satisfy the following hurdles:

(1)      the defendant must have exhausted his administrative remedies;

(2)      "extraordinary and compelling reasons" must justify the reduction of his sentence or he must satisfy the requirements of § 3582(c)(1)(A)(ii);

(3)      the reduction must be consistent with the Commission's applicable policy statements; and

(4)      the defendant must convince the court to exercise its discretion to grant the motion after considering the § 3553(a) factors.

*Jackson*, 27 F.4th at 1089; *Shkambi*, 993 F.3d at 392; *accord United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *see Austin*, 125 F.4th at 692.

Here, to the extent Orr is seeking compassionate release, he stumbles over the first hurdle. The exhaustion requirement applies whether the motion is styled as one for compassionate release or merely for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). Accordingly, before seeking relief from the court, a defendant must first submit a request to the warden of his facility to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait for the lapse of 30 days after the warden received the request. 18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338 ("[A]n inmate has two routes by which he may exhaust

4

his administrative remedies.  Both begin with 'requesting that the [BOP] bring a motion on the defendant's behalf.'" (quoting *Franco*, 973 F.3d at 467)).

Although this requirement is said to be mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule."  *Franco*, 973 F.3d at 468.  "Mandatory but nonjurisdictional procedural filing requirements may be waived."  *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022); *see United States v. Harden*, No. 4:11-CR-127-SDJ, 2025 WL 562716, at *5 (E.D. Tex. Feb. 20, 2025).  Therefore, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived.  *McLean*, 2022 WL 44618, at *1.

Here, the Government invokes § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief.  Orr makes no mention and gives no indication in his letter request that he attempted to exhaust his administrative remedies, and there is no evidence before the court that he has sought relief from the warden or other BOP personnel.  Therefore, to the extent that Orr seeks a reduction under 18 U.S.C. § 3582(c)(1)(A), the court lacks the authority to grant relief due to his failure to exhaust his administrative remedies.

D.     Advisory Opinion

The remainder of Orr's letter is devoid of any request for relief, as it essentially seeks an advisory opinion as to a potential reduction in sentence and advice regarding a possible lawsuit against a Corrections Officer.  The court, however, does not engage in offering legal advice or consultation to any party.  Orr can present a claim for relief, and the court will evaluate such a request.

III.    Conclusion

In accordance with the foregoing analysis, Orr's letter request (#140) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of May, 2026.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE